# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3890

———————

| | | |
|---|---|---|
| Ann Lambert, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Taylor Corporation, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: June 16, 1999
Filed: August 6, 1999

———————

Before RICHARD S. ARNOLD and ROSS, Circuit Judges, and BYRNE,[1] District
Judge.

———————

PER CURIAM.

Taylor Corporation ("Taylor") appeals from the district court's summary
judgment in favor of Ann Lambert ("Lambert"). Lambert's action, brought under 29
U.S.C. § 1132(a)(1)(B), alleged that Taylor wrongfully denied Lambert insurance
benefits from Taylor's health plan which is governed by the Employee Retirement

———————

[1]The Honorable William Matthew Byrne, Jr., Senior United States District Judge
for the Central District of California, sitting by designation.

Income Security Act ("ERISA").

On October 2, 1998, the district court entered a judgment in which it resolved liability in favor of Lambert. However, the district court did not consider present or future damages in its order. Consequently there is no final judgment as to all issues that would allow this Court to exercise jurisdiction pursuant to 28 U.S.C. § 1291. Precedent overwhelmingly favors declining jurisdiction in cases such as this. See, e.g., Fogie v. Thorn Americas, Inc., 95 F.3d 645, 649 (8th Cir. 1996) (declining appellate jurisdiction where final order resolved liability issue only and failed to address damages). Courts have recognized that jurisdiction may be proper if the determination of damages will be mechanical and uncontroversial--a simple ministerial act. See, e.g., Apex Fountain Sales, Inc. v. Kleinfeld, 27 F.3d 931, 935-36 (3rd Cir. 1994); Production and Maintenance Employees' Local 504 v. Roadmaster Corp., 954 F.2d 1397, 1401 (7th Cir. 1992). This exception to the finality rule is not available in this case, however, as counsel on both sides confirmed during oral argument that there are disputes as to present and future damages.

Therefore, this case is REMANDED to the district court with leave to the appellant to move for a 28 U.S.C. § 1292(b) certification for interlocutory appeal.

IT IS SO ORDERED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-